**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| **In Re:** | : **Chapter 13** |
| **Johnnie M. Berry** | : **Case No. 14-18431-ELF** |
| **Debtor,** | : |
| ------------------------------------------------- | : |
| U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust | : |
| Movant, | : |
| v. | : Hearing: July 14, 2020 at 9:30 a.m. |
| | : Courtroom # 1 |
| Johnnie M. Berry | : |
| Debtor, | : |
| and | : |
| William C. Miller, Esquire | : 11 U.S.C. §362(d) |
| Trustee, | : |
| Respondents. | : |

## STIPULATION RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

THIS matter being opened to the Court by Brian E. Caine, Esquire, of the law office of Parker McCay P.A., attorney for the secured creditor, U.S. Bank Trust National Association, as Trustee of the SGIC Series III Trust, (hereinafter "Movant"), upon a Motion for Relief from the Automatic Stay as to Real Property, more commonly known as 852 West Cobbs Creek Parkway, Lansdowne, PA 19050; and Zachary Perlick, Esquire appearing on behalf of Debtor, Johnnie M. Berry, and it appearing that the parties have amicably resolved their differences and for good cause shown;

1. As of July 9, 2020, the post-petition arrears are $2,412.75 – which represents payments of $1,241.26 each due June 1, 2020 and July 1, 2020 – with a suspense balance of $69.77.

2. The Debtor agrees to reimburse the Movant for its attorney fees ($850.00) and costs ($181.00) for prosecution of the within Motion.

3. The Debtor shall cure the post-petition arrears plus the motion fees and costs by adding $573.96 to the regular monthly payments each due August 1, 2020 through January 1, 2021.

4. The Debtor will resume regular monthly payments to Movant starting with the February 1, 2021 payment, and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtors shall remit payments directly to Movant as same come due.

5. If the Debtor fails to make any of the payments stated herein by their due date, then counsel for the Movant may send Debtors and Debtors' attorney a notice of default, and the Debtors shall have 14 days from the date of the notice to cure said default. If the default is not cured timely cured, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay, as to the mortgaged property herein.

6. Debtor agrees that Movant may charge attorney fees of $100 for each notice of default letter.

(*remainder of page intentionally left blank*)

*The undersigned hereby consent to the form and entry of the within Stipulation.*

| | |
|---|---|
| __/s/Brian E. Caine_____ | _/s/Zachary Perlick_ |
| Brian E. Caine, Esquire | Zachary Perlick, Esquire |
| Parker McCay P.A. | 1420 Walnut Street, Suite 718 |
| 9000 Midlantic Drive, Suite 300 | Philadelphia, PA 19102 |
| Mount Laurel, NJ 08054 | (215) 569-2922 |
| (856) 985-4059 | zack@zacharyperlicklaw.com |
| bcaine@parkermccay.com | |

__/s/ LeRoy W. Etheridge, Esq.  for___      NO OBJECTION
Concurrence by the Chapter 13 Trustee        *without prejudice to any trustee rights and remedies

It is hereby **ORDERED**, that the foregoing Stipulation is approved, shall be, and is made and Order of this Court.

Date: _____            _____
                            ERIC L. FRANK
                            U.S. BANKRUPTCY JUDGE